UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 07-108-02-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| BRANDON SCOTT COLLINS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Recommended Disposition (also known as a Report and Recommendation or "R&R") [R. 227] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Brandon Scott Collins, allegedly violated the terms of his supervised release, and a summons was issued based on those alleged violations. [R. 218.] This matter was then referred to Judge Ingram to conduct a final revocation hearing and recommend a proposed disposition of the matter. [R. 221.]

Pursuant to the referral order, Judge Ingram conducted a final revocation hearing on December 5, 2011. [*See* R. 226]. At this hearing, Collins stipulated to the violation as outlined in the Supervised Release Violation Report dated October 31, 2011. [*See* R. 227 at 3-4.] The United States presented a recommendation, not binding on the court, of revocation and imposition of a term of imprisonment for a period of twelve (12) months, and no additional term of supervised release. [R. 227 at 4.] Collins agreed with that recommendation. [*Id.*]

On December 8, 2011, Judge Ingram issued his R&R, recommending revocation and incarceration for twelve months, within the guideline range, and no additional supervised release

period. [R. 227 at 10.] The R&R directs the parties' attention to the relevant statute which requires any objections to be filed within fourteen (14) days of service. [*Id.* at 10.] *See* 28 U.S.C. § 636(b)(1). Collins gave notice to the Court on December 12, 2011 that he did not object to the recommended disposition [R. 228 at 1], and he waived his right to allocute. [R. 228, Ex. 1.]

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [R. 227] as to Brandon Scott Collins is **ADOPTED** as and for the Opinion of the Court;

2. The Defendant, Brandon Scott Collins, is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office [*See* R. 218];

3. The Defendant's Supervised Release is **REVOKED;**

4. The Defendant, Brandon Scott Collins, is **SENTENCED** to the custody of the Bureau of Prisons for a term of imprisonment of **twelve (12) months**, and this Court

recommends that Collins' placement be in a facility other than FCI-Manchester;[1]

     5.     The allocution hearing has been **WAIVED** [*see* R. 228, Ex. 1]; and

     6.     Judgment shall be entered promptly.

This 6th day of January, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

---

[1] Collins requested to be placed at a facility other than FCI-Manchester during a bench conference with the Magistrate Judge. [R. 227 at 10 n.2.] The Magistrate Judge stated in the R&R that the reasons undergirding this request were reasonable.